IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARK ANTHONY PORTER**                                       **PETITIONER**

v.                        **4:06CR00337-01-WRW**
                          **4:09CV00404-WRW**

**UNITED STATES OF AMERICA**                             **RESPONDENT**

## ORDER

Pending are Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. No. 47) and Motion for Production of Documents as Indigent Litigant (Doc. No. 48).

**I.**      **BACKGROUND**

On March 1, 2007, Petitioner pled guilty to Count 4 of the Indictment -- possession of stolen firearms, a violation of 18 U.S.C. § 922(j).[1] On July 6, 2007, Petitioner was sentenced to 120 months in prison, and the Judgment was entered on July 17, 2007.[2] Petitioner did not file an appeal with the Eighth Circuit Court of Appeals.

**II.**      **DISCUSSION**

     **A.**      **Statute of Limitations**

There is a one-year statute of limitations for actions brought under 28 U.S.C. § 2255.[3] Since Petitioner did not file an appeal with the Eighth Circuit Court of Appeals, his one-year period to file a § 2255 motion began on July 27, 2007[4] and expired on July 28, 2008.[5]

---

[1] Doc. No. 31.

[2] Doc. Nos. 40, 41.

[3] 28 U.S.C. § 2255, ¶6.

[4] Unappealed federal criminal judgments become final when the time for filing a direct appeal expires. See *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). The time for filing a notice of appeal in a criminal case is 10 days after the entry of the judgment. See FED. R. CRIM. P. 4(b)(A).

[5] July 27, 2008, was a Sunday.

Petitioner's motion is dated May 22, 2009, and he has provided no reason that would warrant equitable tolling of the statute of limitations.[6] Petitioner asserts that he was transferred the first few months he was in prison, and, at times, did not have access to legal materials.[7] These excuses do not justify the nearly two year delay between the time the Judgment became final and the filing of the motion. Accordingly, the motion must be DENIED based on the statute of limitations.

### B. Ineffective Assistance

Even if Petitioner's motion was timely filed, it would be denied. To support his ineffective assistance of counsel claims, Petitioner asserts:

1. The "plea agreement did not contain any notice and/or information that his prior convictions would be used to increase his sentence."[8]

2. The "guideline range was increased based on [Petitioner's] prior convictions and other factors . . . which were not within the contents of the plea agreement.

3. There was "double counting" regarding his previous convictions which was used to determine his base offense level.

4. "Facts not admitted to for sentencing purposes . . . caused [Petitioner] to be sentenced outside of the guideline range."

5. Counsel "failed to file a direct appeal of [the] sentence in an attempt to have the errors corrected" regarding the reliance on prior convictions.[9]

All of Petitioner's assertions are based on his prior convictions and are without merit. Under the terms of the plea agreement, the parties agreed to a joint sentencing recommendation of 120 months, and Petitioner was sentenced to 120 months. Neither the plea agreement nor the

---

[6]See *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005).

[7]Doc. No. 47.

[8]*Id.*

[9]*Id.*

2

3

imposed sentence referenced Petitioner's prior convictions. Petitioner was sentenced to the time he agreed to in the plea agreement. As to counsel not filing an appeal, Petitioner does not contend that he directed her to file one, and therefore his counsel was not obligated to file an appeal.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. No. 47) is DENIED, and the Motion for Production of Documents as Indigent Litigant (Doc. No. 48) is DENIED as MOOT.

IT IS SO ORDERED this 3rd day of June, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE